## WILLOUGHBY v. WILLOUGHBY.

1. EVIDENCE.—Agreement between two brothers to pay their sisters the proceeds of a certain insurance policy, properly admitted in evidence under cause of action stated.
2. CONSIDERATION.—There was not only evidence here of a money consideration, but of loss or detriment to one of the parties to the mutual agreement having performed his part, which is within the definition of a valuable consideration.
3. JURY.—It is proper for jury to take into the jury room the pleadings and amendments thereto by agreement.
4. CHARGE—CONSIDERATION.—It is not a charge on the facts for the Judge to say this agreement purports to be in consideration of five dollars, or the moral promise made by the two brothers in that agreement, if the one performed his part, would raise a sufficient legal consideration to compel the other to perform his part.
5. CONSIDERATION—INTEREST.—A MUTUAL PROMISE between two brothers, when followed by performance by one of the parties to his loss or detriment, is a valuable consideration such as would support the agreement as one enforceable by party for whose benefit it was made, and interest is due from date it should have been performed.

Before PURDY, J., Florence, March term, 1904. Affirmed.

Action by Annie E. and Julia E. Willoughby against T. C. Willoughby. Defendant appeals from judgment in favor of plaintiffs.

*Mr. W. F. Clayton,* for appellant, cites: *A promise to make a gift cannot be enforced:* 14 Ency., 2 ed., 1008 to 1030.

*Messrs. J. P. McNeill* and *Wilcox & Wilcox,* contra. *Mr. McNeil* cites: *The moral obligation fixes the consider-*

*ation:* Cowp., 290; 42 Am. R., 325; 39 Am. Dec., 634; .6 Md., 430; 2 Bail., 57; 14 S. C., 292; 20 L. R. A., 764; 4 Md., 476; 39 Am. Dec., 150; 14 S. C., 216; 8 B. Mon., 68; 1 Met., 565; 3 Ind. App., 91; 5 Ind., 69; 27 Wis., 214; 12 Mich., 73; Thornton on Gifts, 274.

March 3, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiffs brought this action to recover of defendant $675, with interest from the 29th day of July, 1903, upon an alleged agreement to be hereinafter more specifically referred to, and the cause resulted in a verdict and judgment in favor of plaintiffs for $606. From the judgment, the defendant appeals upon exceptions which we now consider.

(1) The first and second exceptions complain of error in the ruling of the Court and the Court's reason therefor, in admitting in evidence the following instrument:

"State of South Carolina. Florence County. This agreement, made end entered into, in duplicate, by and between W. J. Willoughby, of Scranton, S. C., and T. C. Willoughby, of Florence, S. C., brothers. These brothers agree, each with the other, to donate and give to their single sisters, viz: Miss Annie Willoughby and Miss Julia Willoughby, of Philadelphia, Pennsylvania, the sums hereinafter described, and explained, as follows: Said W. J Willoughby agrees to give to his said sisters the sum of one hundred and twenty-five dollars, and the said T. C. Willoughby, on his part, agrees to give to his said sisters the sum of six hundred and seventy-five dollars. These sums of money are to be paid out of the proceeds of certain life insurance policies, issued on the 15th day of May, 1903, by State Mutual Life Assurance Company of Worcester, Massachusetts, on the life of the late S. J. Willoughby, in favor of these said brothers as beneficiaries, and to be paid

to their said sisters immediately after said life insurance policies have been adjusted and paid to said brothers as beneficiaries.

"Now for and in consideration of the sum of five dollars, to us, the said W. J. Willoughby and T. C. Willoughby, paid to us by the said Annie Willoughby and Julia Willoughby, receipt of which is hereby acknowledge, bind ourselves, our heirs, administrators and assigns, to this agreement.

"W. J. Willoughby, T. C. Willoughby, Trustees.

"Witness: C. S. Lucas. Florence, S. C., July 16th, 1903."

The Court, after proof of its execution, admitted the above instrument, over the objection of the defendant that the same was not responsive to the allegations of the complaint as amended, pursuant to the notice to make more definite. To make this point clear, we here insert the complaint, with the amendments:

"I. That heretofore the defendant, T. C. Willoughby, and one W. J. Willoughby, in consideration of their duty to the plaintiffs, who are their sisters and in reduced financial circumstances, and for value received, promised and agreed to pay to the plaintiffs herein eight hundred dollars in the following proportions, to wit: The said W. J. Willoughby promised and agreed to pay his said sisters, the plaintiffs herein, the sum of one hundred and twenty-five dollars, and the said T. C. Willoughby, defendant herein, promised and agreed, as aforesaid, to pay to his said sisters the sum of six hundred and seventy-five dollars, the agreement above stated being mutual and jointly binding on both T. C. Willoughby, the defendant, and W. J. Willoughby.

"II. That the amounts to be paid as aforesaid were to be derived from insurance of the life of S. J. Willoughby, another brother of the plaintiffs, and the defendant, and of said W. J. Willoughby, and was to be paid in accordance with the agreement and promise above stated, immediately after said insurance had been paid.

"III. That the said insurance money was collected on or about the 29th day of July, 1903, and the said W. J. Willoughby promptly paid the amount which, under said agreement, it was his duty to pay to the plaintiffs, to wit: the sum of one hundred and twenty-five dollars, and thus performed his part of the mutual agreement and promise above referred to.

"IV. That the defendant, T. C. Willoughby, has failed and refused to pay the sum of six hundred and seventy-five dollars, which it was his duty to pay under the agreement above referred to, and is, therefore, now indebted to the plaintiffs by reason of said agreement and the collection of the insurance money above referred to, in the sum of six hundred and seventy-five dollars, with interest thereon from the 29th day of July, 1903.

"Wherefore, plaintiffs demand judgment against defendant, T. C. Willoughby, in the sum of six hundred and seventy-five dollars, with interest thereon from the 29th day of July, 1903, at seven per cent. per annum, and for such other and further relief as may be just."

The defendant made a motion to have the complaint made definite and certain in two particulars: "(1) State what legal duty the defendant is bound to perform to or for the plaintiffs. (2) With whom was this agreement entered into, and what, if any, was the consideration?" Thereafter counsel for both parties agreed that the complaint be made definite in the particulars named, as follows:

"I. As to the first item relating to the legal duty devolving upon the defendant for the payment of the sum mentioned and described in plaintiff's complaint, that the same is predicated, not only upon the moral duty devolving upon him, the said defendant, to his sisters, the above named plaintiffs, but also upon a written contract or agreement which has been partly performed.

"II. As to the item or interrogatory, relating to the party with whom such contract or agreement was made, and what,

if any, was the consideration, beg to reply that the agreement was entered into by and between the defendant and W. J. Willoughby, of the first part, and the plaintiffs of the second part, the stipulation binding the said W. J. Willoughby in said agreement having been fully met by him, and that the consideration imported was legal, good and sufficient to sustain the said contract as set forth in the complaint."

We think the instrument was properly admitted as relevant to the cause of action stated, whether the complaint as amended be construed to allege an agreement between plaintiffs and defendant or to allege an agreement between the defendant, T. C. Willoughby, and his brother for the benefit of plaintiffs upon sufficient consideration.

(2) The third exception charges error in refusing the motion for nonsuit. The nonsuit was claimed upon the ground that there was no proof of consideration and that the agreement was a mere gift or donation. The Court substantially held (1) that the instrument itself afforded some evidence of a consideration of five dollars paid by plaintiffs; (2) the mutuality of the agreement between defendants, with testimony tending to show performance on the part of one of them, was some evidence of a sufficient consideration.

In this we think the Court was correct. There was not only evidence of a money consideration, but of the loss or detriment to one of the parties performing, both of which elements fall within the definition of a valuable consideration.

(3) The fourth exception is unavailing, as it was perfectly proper for the Court to allow the jury to take with them into their room, on retiring, the pleadings in the case, which would, of course, include the amendments to the complaint as the result of the motion to make definite. Such course, instead of confusing the jury as to the issues, was calculated to aid them.

(4) It is complained in the fifth and sixth exceptions that the Court charged on the facts in the following charge: "In the agreement between W. J. Willoughby and T. C. Willoughby, the concluding portion of it purports to be in consideration of the sum of five dollars. That would be a sufficient consideration. Or the moral promise made between T. C. Willoughby and W. J. Willoughby in that agreement, if the one performed his part, would raise a sufficient legal consideration to compel the other to perform his part under that agreement." We do not regard this as a charge on the facts. The Court, in referring to the written instrument, did not say that the five dollars had actually been paid. But the meaning of the charge was that it would be sufficient consideration if paid; or, considered with reference to the instrument alone, it would be a sufficient consideration. The undisputed promise to pay was undoubtedly a moral obligation, in the sense that every man should feel morally bound to fulfill his promise. But whether such an obligation is enforceable in law was in this charge made dependent on whether it was supported by a valuable consideration, as performance on the part of one of the parties to his loss or detriment. The undisputed evidence was that W. J. Willoughby had, pursuant to the agreement, paid the plaintiffs $125.

(5) The seventh exception complains of error in charging the jury: "That the moral obligation, when coupled with a promise to pay, raises a sufficient consideration upon which to base an action," the alleged error being that there was no testimony in the case to which the charge was applicable, and the language of the charge was calculated to make the jury believe that a voluntary promise of the defendant to his brother could be taken advantage of by plaintiffs, to whom no such promise was made either in the written instrument or in the evidence adduced. This exception cannot avail appellant. We are not to be regarded as indorsing the charge unqualifiedly in such isolated form.

Perhaps the preponderance of authority would sustain the proposition that a moral obligation is not a valuable consideration.    6th Ency. Law, 2 ed., 679.    To be sufficient to support an enforceable promise, the moral obligation should be at least what is called a perfect moral obligation—an obligation of justice and not of benevolence or piety.    *McMorris* v. *Herndon,* 2 Bailey, 56 ; but this is not the ground of appellant's objection.    Taking the charge as a whole and, especially in connection with the undisputed fact that W. J. Willoughby performed his part of the agreement, no ground for reversal appears.    Without regard to the fact whether any money consideration was actually paid by plaintiffs, as recited in the agreement, the mutual promise between T. C. Willoughby and W. J. Willoughby, especially when followed by performance by one of the parties, to his loss or detriment, was a valuable consideration, such as would support the agreement as one enforceable by plaintiffs, for whose benefit it was made.

(6) The last exception assigns error in instructing the jury that they might award interest from July 29th, 1903. This exception was not pressed in argument, and inasmuch as there was no defense of payment or counter-claim, and the verdict was for less than the amount specified in the agreement, we do not see that the charge was prejudicial, even if it should be conceded that it was not correct, but we think it was correct, as it was an admitted fact that the insurance money was collected July 29th, 1903.

The judgment of the Circuit Court is affirmed.