7916

## FAIN & STAMPS v. MANOS.

1. GUARANTOR.—Where as a part of the consideration for a stock of goods one makes a contract with the buyer to assume the obligations of the seller, a creditor may recover of him as guarantor of the debts of the seller.

2. IBID.—EVIDENCE—DECLARATIONS.—The assumption of liability as guarantor may be shown by declarations of guarantor.

Before GAGE, J., Anderson, February, 1911.   Affirmed.

Action by Fain & Stamps against J. K. Manos in court of Magistrate B. F. Wilson.   From Circuit order affirming judgment of magistrate, defendant appeals.

*Messrs. Geiger & Wolfe,* for appellant, cite: *Guarantor defined:* 4 Words & Phrases 3179; Black L. Dic. 550; 20 Cyc. 1397, 1413.   *Legal consideration of guaranty:* 8 John. 29; 20 Cyc. 1414, 1413, 1443.

*Messrs. Bonham, Watkins & Allen,* contra, cite: *Testimony objected to must have been shown to be prejudicial:·* 65 S. C. 1; 76 S. C. 275.   *Consideration for guaranty:* 27 S. C. 621; 47 S. C. 176; 3 Ency. of Law 371.

May 23, 1911.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This action was commenced in a magistrate's court, on an open account, against G. A. Manos as principal, and J. K. Manos as guarantor, running from the 26th of June to the 17th of August, 1909.

The magistrate rendered judgment against G. A. Manos by default, and against J. K. Manos after a trial.   J. K. Manos appealed to the Circuit Court, but his appeal was dismissed, whereupon he appealed to this Court.

The first question that will be considered, is, whether there was any testimony tending to show, that the alleged guaranty on the part of J. K. Manos, was based upon a valuable consideration.

W. O. Stamps, one of the plaintiffs, testified as ·follows·:

"During the latter part of August, 1909, W. A. Holder, formerly of Toccoa, Georgia, exhibited to me a bill of sale, signed by G. A. and J. K. Manos, which bill of sale is not now in our possession, we do not know where it is. Along about the first of September, 1909, or a little later, we received a letter from J. K. Manos, offering to pay the bill, if we would send the statement to him. The letter attached and marked 'Exihbit A' is the original letter. That relying upon the statements contained in this letter, Exhibit A, the said partnership and neither of the partners, made any efforts to hold the stock of goods liable for the debt of G. A. Manos, nor did said firm avail itself, of all legal remedies against said G. A. Manos, on account thereof."

Exhibit A is as follows:

"ANDERSON, S. C., Aug. 31, 1909.

Fain and Stamps, Atlanta, Ga. Gentlemen: Please send statement what G. A. Manos, Toccoa, Ga., owe you, and . will pay you myself when bills come due. Yours very truly, J. K. MANOS."

W. A. Holder, a witness for the plaintiffs, said:

"I was in business in Toccoa, Ga., latter part of August, 1909. I succeeded G. A. Manos. I bought out G. A. Manos. (Objected to on ground of irrelevancy. Objection overruled.) I asked J. K. Manos, where I could buy a fruit stand. He referred me to Mr. Sullivan at Seneca and G. A. Manos at Coccoa. I negotiated the sale with G. A. Manos. At the time I took charge G. A. and J. K. Manos executed. something in the nature of a bill of sale, or a guarantee, that G. A. Manos owed nothing on the stock which I was taking. Although I have made diligent search for the bill of sale, and have not been able to find it. Among other things that the guarantee contained, was, that both would stand between me and the creditors of G. A. Manos, and should see to it, that I was not sued for any of the obligations of G. A. Manos. And that the creditors

of G. A. Manos, if any, should not come against the stock of goods. I exhibited the guarantee to Fain & Stamps' representative, a week or ten days after I took possession of the stock of goods, about the 21st or 22d of August, 1909. (The above testimony objected to on the ground of irrelevancy. Objection overruled.) * * *

"Recross: This was a week or ten days after the transaction.      (Signed) W. A. Holder."

Thomas Allen, another witness, thus testified in behalf of the plaintiffs:

"On October 17th, 1910, I had a telephone conversation with J. K. Manos relative to the payment of this account, in the course of which I said something to him about the instrument which was executed, at the time that W. A. Holder took charge and he made this statement to me, 'We just sold the place to Holder and signed the thing to him, so that he would not be bothered.' (Objected to on the ground of irrelevancy. Objection overruled.)"

The foregoing testimony tends to show, that, as a part of the consideration of the agreement, when the goods were sold to W. A. Holder, J. K. Manos assumed the indebtedness of G. A. Manos then existing, as a guarantor. Exhibit A tends to show that J. K. Manos so construed the agreement. It is true the plaintiffs were not parties to said agreement, but, if it was made for the benefit of G. A. Manos' creditors, and constituted a part of the consideration of the sale, to W. A. Holder, the plaintiffs have the right to recover against the appellant, the amount then due them by G. A. Manos.

The next question raised by the exceptions is, whether there was error, on the part of his honor, the Circuit Judge, in overruling the appellant's objection to the testimony of W. A. Holder and Thomas Allen, on the ground that it was irrelevant.

The said testimony tended to show, that J. K. Manos was a party to the agreement, when the goods were sold to W.

A. Holder, and that he assumed the debts of G. A. Manos as a guarantor. The objection to said testimony, was therefore, properly overruled.

Affirmed.