The decree of the Circuit Court reads as follows:
This action was brought by the plaintiff for the foreclosure of four mortgages given to it by the defendant, Phil D. Kohn, covering four adjacent lots of land situate at and near the northwestern corner of the intersection of Lady and Sumter streets, in the city of Columbia, S.C. Each of the said four lots in question was covered by a number of successive mortgages, and Phil D. Kohn, the maker of the bonds and mortgages sued upon, the makers and holders of the other mortgages upon the premises, the holders of certain judgment liens affecting the same, and the respective owners of the legal title to the several lots, were named as defendants. Pursuant to the order of reference and the proceedings had in the cause, the master made his report herein, dated 20 September, 1916, finding the amount due on the several mortgages covering the mortgaged premises, and a decree was heretofore made in this cause by me, dated 10 October, 1916, whereby the rank and priority of the several mortgages set out in the action, and the amounts due thereon, respectively, were determined and adjudged — except that certain issues affecting the defendant, J. Henry Harms, were then reserved, as hereinbelow set forth. The defendant, J. Henry Harms, is, and was at the commencement of this action, the owner of lot No. 4 of the mortgaged premises described in the complaint; and it is contended by the plaintiff and the defendants, Pauline A. Moseley, Phil D. Kohn and Thomas W. Rowland, who hold mortgages covering said lot, that the said J. Henry Harms assumed the payment of their respective mortgages at the time he acquired said lot as a part of the consideration of the conveyance to him, and that he was personally obligated therefor. The said J. Henry Harms, by his answer, claimed that he was not liable upon the alleged contract of assumption by him to pay and discharge said mortgages. By agreement of counsel, the question as to the liability of the said J. Henry Harms in this connection was not passed *Page 477 
upon by the master, but was reserved for hearing and decision by the Court, and in the former decree rendered, this question was further reserved to be made the subject of a later and supplemental decree. By said former decree, no judgment was rendered against the said J. Henry Harms, either on the bond and mortgage given by said J. Henry Harms and set up in the case by the defendant, Clarence Richards, or upon the mortgages which it was claimed that he was liable for by reason of his alleged contract of assumption; as I deemed it proper that all questions as to his liability and the rights of the parties to judgment should be determined and adjudicated at the same time. It is the scope and purpose of this decree to determine the issues affecting the said J. Henry Harms which were left open and unadjudicated by the former decree in the cause above referred to.
As appears from the master's report, there are four mortgages set up in the case covering said lot No. 4 owned by the defendant, J. Henry Harms. The amount due on the first mortgage, which is held by the plaintiff, is found by the master to be $4,065.52; the amount due on the second mortgage, held by the defendant, Pauline A. Moseley, is found by the master to be $1,848.33; the amount due on the third mortgage, held by the defendant, Phil D. Kohn, is found by the master to be $7,456.46; and the amount due on the last mortgage, set up herein by the defendant, Clarence Richards, is found by the master to be $1,349.95.
The material facts in the case are undisputed. The defendant, Phil D. Kohn, who was the owner of the lot in question and gave the first two mortgages thereon — that is, the one held by the plaintiff and the one held by the defendant, Pauline A. Moseley — conveyed said premises to the defendants, H.V. Wells and W.T. Rowland, on 23 June, 1913; the deed of conveyance to the said Wells and Rowland reciting that they assumed as part of the consideration the payment of the prior mortgages on the property. The *Page 478 
said H.V. Wells and W.T. Rowland next conveyed the said premises to the defendant, A.C. Tobias, Jr.; the deed of conveyance to Tobias reciting that the said premises were conveyed merely "subject to" the prior mortgages, and containing no clause or covenant providing for the assumption of such mortgages by the grantee. J. Henry Harms purchased the lot in question from the defendant, A.C. Tobias, Jr., under the deed dated 23 June, 1913, recorded in Book of Deeds "BI," at page 99, and the deed of conveyance from the said A.C. Tobias, Jr., to the said J. Henry Harms stated the following consideration, "In consideration of the sum of $3,650 and the assumption of certain bonds and mortgages hereinafter mentioned;" and at the conclusion of the description, set out the agreement of assumption as follows: "The conveyance is made subject to the liens of the following bonds and mortgages, which are hereby assumed by the said J. Henry Harms as part of the consideration of this conveyance (enumerating the four mortgages on the premises); the payment of the said four mortgages and the bonds secured thereby being assumed by the grantee herein as part of the consideration of this conveyance." The said Wells and Rowland, A.C. Tobias, Jr., and J. Henry Harms severally, upon acquiring said premises, gave their bonds and mortgages for part of the purchase money in each case; and all of the bonds and mortgages mentioned in the deed and still outstanding and unpaid. The defendant, J. Henry Harms, does not deny his liability upon the bond and mortgage given by him and set up in the case by the defendant, Clarence Richards, who acquired the same by assignment, but he takes the position that he is not liable upon the prior bonds and mortgages on the premises under the alleged contract for the assumption of the same by him. Under the facts in evidence, I think it must be taken as definitely and conclusively established that he did contract to assume the payment of the said mortgages; for such contract is evidenced by the deed to him *Page 479 
duly delivered and accepted, and there is no evidence in the case to the contrary. There is abundant authority to the effect that a contract on the part of the grantee to assume prior mortgages on the property purchased may be shown by the acceptance of a deed poll. 20 Ency. Law (2 ed.), page 990; Dargan v. McSween, 33 S.C.
I find and hold, therefore, under the evidence in the case, that the defendant, J. Henry Harms, did in fact, contract to assume and agree to pay the existing mortgages upon the property in question upon the conveyance of the same to him as part of the consideration of said conveyance. It remains to consider whether or not such contract is valid and enforceable by the holders of the several mortgages in question who are claiming the right to do so in this action.
The question for decision may be stated as follows: Is the grantee of real property liable upon the contract embraced in his deed whereby he agreed to assume the mortgages on the property in question directly to the holders of said mortgages; and this question resolves itself into the further inquiry, does such liability extend in case of successive mortgages only to such mortgages as the assumer's immediate grantee may have been personally liable upon, or to all the mortgages he contracts to assume, whether or not his grantee was liable therefor?
My conclusions on this subject have been reached only after full and careful consideration.
It is generally held that the mortgagee, where his mortgage has been assumed, has the right to hold both the mortgagor and the grantee who has assumed directly liable. Pom. Eq. Jur., sec. 1207; 20 Ency. Law (2d ed.) 992, 994. In case of successive grantees, the same principles apply and the holder of the mortgage may hold liable the immediate grantee of the mortgagor, or any number of successive grantees who have assumed the mortgage. 20 Ency. Law (2d ed.) 1000; 2 Pom. Eq. Jur. 1207; Jones on Mortgages, secs. 755, 758, 760 and 762. Recovery is allowed in such *Page 480 
cases generally on one of two principles, namely, upon the theory of equitable subrogation, or upon the theory that the promise having been made for his benefit, the mortgagee may sue directly upon it. "The prevailing rule in the United States is that where a grantee of mortgaged premises has agreed with the vendor to assume the mortgage, the mortgagee may recover against him, either in law or in equity. Such recovery is allowed generally on one of two principles, namely, upon the theory of equitable subrogation, or upon the theory that the promise having been made for his benefit, the mortgagee may sue upon it." 20 Ency. L. (2d ed.) 992.
The Courts are divided as to whether the grantee who assumes a mortgage, taking title from a previous grantee who had not assumed or was not liable, can be held liable by the mortgagee. In those jurisdictions where the basis of liability by the assuming grantee is held to rest upon the principle of subrogation, such grantee is held liable to the mortgagee only when his grantor was so liable; but in those jurisdictions where the basis of liability is held to rest upon the principle that the person for whose benefit a contract is made may sue thereon, the liability of the assumer to the mortgagee is affirmed, irrespective of the liability of his grantor, the assumer being held liable on his contract. "The principles applied between the mortgagee and the grantee of the land assuming the mortgage apply equally after the land has passed to another grantee, or to a series of grantees. A holder of the mortgage may sue a subsequent grantee, or any number of subsequent grantees, provided he can show in each case the elements essential to sustain an action against the first grantee; as, that he has assumed the payment of the mortgage, that his immediate grantor was liable, where such liability is essential, etc. It may thus happen that the last grantee of a series is liable when the first grantee was not, for the reason that the last *Page 481 
one assumed the mortgage which the first one did not assume." 20 Ency. Law (2d ed.) 1000.
The distinction above referred to is drawn by Mr. Pomeroy (Pom. Eq., sec. 1207), and the view that the grantee who assumes is liable on his contract, and independent of any underlying principle of subrogation, is upheld by him as in harmony with the doctrines of the law of contract recognized in a large majority of the States, in the following language: "The ground of the grantee's liability adopted by the Courts of a large majority of the States is that of contract. It is an application of the general doctrine, so widely prevailing in this country, that it may properly be called an American doctrine — where A makes a promise directly to B for the benefit of C upon a consideration moving alone from B, C being the party beneficially interested, may treat the promise as though made to himself, and may maintain an action at law upon it in his own name against A, the promisor. According to the generally accepted view, the liability of the grantee who thus assumes the payment of an outstanding mortgage does not depend upon extension of the equitable doctrine concerning subrogation; it is strictly legal, arising out of a contract binding at law; the mortgagor, instead of enforcing the liability by suit in equity for foreclosure, may maintain an action at law against the grantee upon his promise, and recover a personal judgment for the whole mortgage debt. Another and entirely different rationale is adopted by the Courts of certain States; that the liability of the grantee to the mortgagee does not arise from contract, and does not exist at law; but it results from an application, or more correctly, an extension of the equitable doctrine of subrogation. Since the mortgagor becomes a surety, the creditor is entitled by subrogation to all the securities which he holds from the principal debtor, and is thus entitled in equity to enforce the promise made to him by the grantee." *Page 482 
Mr. Jones, in his work on mortgages, appears to take a different view from that of Pomeroy as to the weight of authority on this question. (See Jones, secs. 755, 758, 762).
Mr. Pomeroy criticises Mr. Jones' position as follows (3 Pom., 1207, p. 2412, note): "Mr. Jones has, I think, fallen into an error. In my work on Remedies by the Civil Action I have examined this question and collected many authorities, and have shown that the general doctrine of contracts as stated above in the text prevails throughout a majority of the States. In fact, the contrary rule, which forbids the party for whose benefit the promise is made to sue in his own name, is exceptional. See Pomeroy on Remedies, sec. 130, and cases cited."
While the Courts generally are divided, as has been indicated, many cases hold that the grantee is liable on his contract and may be sued by the mortgagee at law, or may be compelled to pay the deficiency arising after a sale by a decree in an equity suit for foreclosure. Booth v. Conn.Mut. L. Ins. Co., 43 Mich. 299; Unger v. Smith, 44 Mich. 22; Strohauer v. Voltz, 42 Mich. 444; Carley v. Fox,38 Mich. 387; Miller v. Thomson, 34 Mich. 10; Crawford v.Edwards, 33 Mich. 354; Lamb v. Tucker, 42 Iowa 118;Schmucker v. Sibert, 18 Kan. 104; Hare v. Murphy,45 Neb. 808; Bay v. Williams, 112 Ill. 91; Enos v. Sanger
(Wis.), L.R.A. 37, 862; Wood v. Smith, 51 Iowa 156;Crone v. Stinde, 156 Mo. 168.
The cases in South Carolina — while there seems to be none on the specific question involving the assumption of a mortgage debt — appear to affirm the principle that a person for whose benefit a contract is made may maintain an action thereon, and without regard to whether the original promisee was liable to the party bringing the action. Brown v.O'Brien, 1 Rich. Law 268; Thomson v. Jordan, 3 Strob. L. 196; Willoughby v. Willoughby, 70 S.C. 516; Fain v.Manos, 89 S.C. 56. These cases, in my view, clearly settle *Page 483 
the principle that a contract made between two persons for the benefit of another is enforceable by that other for whose benefit it was made.
Liability, in such case, under our decisions, does not rest upon the principle of subrogation. In the case of Ancrumv. Water Power Company, 82 S.C. 294, the Court say: "The English rule is, that a third person cannot sue upon a promise made for his benefit where he is a stranger both to the promise and to the consideration. 71 A. St. 176, note; 9 Cyc. 374. This rule has been adopted in a number of the States with the modification that such third person may sue if he has some legal or equitable interest in the contract. If the English doctrine, or that doctrine modified, as above indicated, should be applied, even then an inhabitant of a city made the beneficiary, as one of a class, of a contract by the city with a water company, would fall within it; for such inhabitant, by his taxes, contributes to the consideration of the contract; and as an inhabitant, he has vital interest in its performance. But the rule in this State, andsome of the other States, is broad without the limitations ofthe English rule, either in its original or modified form.
It is thus stated in Brown v. O'Brien, 1 Rich. 270: `Where one person makes a promise for the benefit of a third person, that person may maintain an action on such promise.'Duncan v. Moon, Dudley 232." (Italics added.)
Nor is it necessary that the promisee should have been liable to the person seeking to enforce the contract as beneficiary thereof to give the right to do so. Willoughby v.Willoughby, 70 S.C. 516.
My conclusion is, that the doctrine of liability in such cases, founded upon the principle of subrogation, is unsound and not supported by the better reason; and that, under the principles adopted by the Courts of our own State, the right of the beneficiary of the contract of assumption to sue thereon should be sustained. It was certainly the express contract and agreement of the party assuming that he *Page 484 
should pay the debt in question; and to allow him to escape liability upon his contract, by the circumstances that his own immediate grantor was not liable for such debt, certainly violates and nullifies his contract, a result for which neither in reason nor authority can I perceive sufficient warranty. As was aptly said by the Court in the case ofEnos v. Sanger, 37 L.R.A. (Wis.) 862: "Where a grantee, in the conveyance to him, assumes and agrees to pay the debt of a third person as part of the consideration for his purchase, there is no necessity for any consideration to pass from such third person or his debtor to such grantee to support such agreement, a portion of the consideration for the purchase being left in such grantee's hands, appropriated by the grantor to the payment of such debt, which debt such grantee agreed to pay in consideration of the conveyance and of such appropriation of the purchase money. He cannot be heard to object to the performance of his contract because his grantor was not liable to such third person."
I am impressed with this holding of the Court of Illinois: "A vendor may direct how the purchase money shall be paid. He may reserve it to himself, donate it to public charity, or may make such other disposition of it as may best meet his views; and if his vendee agrees to pay it according to such directions, he can not set up as a defense that his vendor was under no duty to apply it in such manner."Daub v. Englebach, 109 Ill. 267. This view is in direct harmony with the decision of our own Supreme Court in the case of Willoughby v. Willoughby, supra.
I hold, therefore, that said J. Henry Harms is liable upon his contract for the payment of the mortgages assumed by him, irrespective of whether or not his immediate grantor was liable thereon; and that the holders of such mortgages, which have been set up in this action, are entitled to judgment against him for the several amounts due thereon. It is, therefore, ordered, adjudged and decreed: *Page 485 
1. That there is due to the plaintiff, South Carolina Insurance Company, on its bond and mortgage set up herein, covering lot No. 4, described in the complaint, the sum of four thousand sixty-five and 52-100 ($4,065.52) dollars, with interest from 20 September, 1916, and that the plaintiff do recover and have judgment against the defendant, J. Henry Harms, for said amount, with interest, as aforesaid, and the costs of this action, with leave to enter up judgment and issue execution therefor forthwith.
2. That there is due to the plaintiff, Pauline A. Moseley, on the bond and mortgages set up by her herein covering said lot No. 4, the sum of one thousand eight hundred and forty-eight and 33-100 ($1,848.33) dollars, with interest from 20 September, 1916, and that the said Pauline A. Moseley do recover and have judgment against the defendant, J. Henry Harms, for said amount, with interest as aforesaid, and her costs herein, and have leave to enter up judgment and issue execution therefor forthwith.
3. That there is due to the defendant, Phil D. Kohn, on the bond and mortgage set up by him herein, covering said lot No. 4, the sum of seven thousand four hundred and fifty-six and 46-100 ($7,456.46) dollars, with interest from 20 September, 1916, and that the said Phil D. Kohn do recover and have judgment against the defendant, J. Henry Harms, for said amount, with interest, as aforesaid, and his costs herein, and have leave to enter up judgment and issue execution therefor forthwith.
4. That there is due to the defendant, Clarence Richards, on the bond and mortgage set up by him herein, covering said lot No. 4, the sum of one thousand three hundred and forty-nine and 95-100 ($1,349.95) dollars, with interest from 20 September, 1916, and that the said Clarence Richards do recover and have judgment against the said J. Henry Harms for said amount, with interest, as aforesaid, and his costs herein, and have leave to enter up judgment and issue execution therefor forthwith. *Page 486 
5. That as between the defendants, Phil D. Kohn, H.V. Wells, W.T. Rowland and J. Henry Harms, by reason of their contracts of assumption of the mortgages upon the said lot No. 4, the defendant, J. Henry Harms (he having last assumed said mortgages), is liable first in order, the said H.V. Wells and W.T. Rowland are liable second in order, and the said Phil D. Kohn is liable third in order upon the judgments as to said lot No. 4 rendered against the said Phil D. Kohn, H.V. Wells and W.T. Rowland in the former decree passed herein, dated 10 October, 1916; but all of said defendants are directly and primarily liable to the parties in favor of whom the said judgments are rendered, as set forth herein and in the said decree dated 10 October, 1916.
6. This decree is intended, and is to be construed, as supplemental to the decree heretofore rendered herein, dated 10 October, 1916, covering the matters and issues then reserved to be embraced in a separate or supplemental decree, as above indicated.
January 21, 1918. The opinion of the Court was delivered by
For the reasons therein stated, the judgment of the Circuit Court is affirmed.