## 11676

### HARRIS v. RICE

#### (126 S. E., 754)

1. MORTGAGES—MORTGAGOR'S GRANTEE, WHO HAD ASSUMED MORTGAGE, LIABLE FOR DEFICIENCY AFTER CONVEYANCE OF LAND TO THIRD PARTY.
—Holder of mortgage could sue mortgagor's grantee, who had assumed payment of mortgage, for deficiency, after such grantee's conveyance of land to third party, in action to which original mortgagor and mortgagee were not parties.

2. MORTGAGES—MORTGAGOR'S GRANTEE, LIABLE FOR DEFICIENCY, HELD ENTITLED TO FULL AMOUNT REALIZED FROM SALE OF LAND IN BANKRUPTCY PROCEEDINGS.—Mortgagor's grantee who had assumed payment of mortgage and had thereafter conveyed land to third person was entitled, in action by holder of mortgage for deficiency, to credit for full amount realized from sale of land in bankruptcy proceedings against third party, without deduction therefrom of costs and expenses which had accrued in the bankrupt court.

3. BANKRUPTCY—RULE AS TO SALE OF MORTGAGED LAND ON BANKRUPTCY OF OWNER STATED.—The bankrupt law does not provide for foreclosure of mortgage, and on bankruptcy of owner of mortgaged land holder of mortgage may either prove secured claim before referee or may remain entirely out of bankrupt court and pursue his remedy in the State Court, but when claim is proven and allowed by referee the trustee is to sell the land free from incumbrances, and lien of mortgage is transferred to fund received thereby.

Before RICE, J., Anderson, Fall Term, 1923. Affirmed as modified.

Action by Mrs. M. E. Harris against Leon L. Rice. From a decree for plaintiff the defendant appeals.

The decree of Judge Rice is as follows:

The above matter came up before me at the Fall term of Court for said County, upon a demurrer to the com-

plaint upon the ground that the allegations thereof did not constitute a cause of action. The undisputed facts in the case are as follows:

On January 2, 1920, one H. G. Love sold to E. F. Geiger a tract of land in Anderson County, and took from Geiger, as part of the purchase price (or, more correctly, to secure a part of the purchase price), a mortgage of the premises so sold and conveyed. On January 6, 1920, the said mortgage was recorded and the same day was assigned and transferred to the plaintiff, Mrs. M. E. Harris. On January 9, 1920, the said E. F. Geiger sold and conveyed the said lands to the defendant, Leon L. Rice. Later on, just when does not appear, Leon L. Rice conveyed the said premises to H. G. Love, the original vendee. Some two years later said Love was adjudicated a bankrupt. The said mortgage was foreclosed by the Trustee in Bankruptcy, and the property was sold at public outcry and brought $1,275.00, not enough to pay the mortgage debt, and this action now is to recover of Rice the balance due on said mortgage after the proceeds of said sale have been applied on the said debt.

When E. F. Geiger conveyed to Leon L. Rice a part of the consideration was that Rice should assume the payment of the mortgage which Geiger had given to Love. Rice was not made a party to the foreclosure action.

The demurrer questions the right of Mrs. Harris to recover of the defendant the balance due on the mortgage under the above state of facts.

The demurrer must be, and hereby is, overruled. I do not deem it necessary to state in detail my reasons for so holding. *South Carolina Insurance Company v. Kohn,* 108 S. C., and authorities therein cited by the Circuit Judge, are conclusive of the questions raised by the demurrer.

The liability of the defendant on the mortgage in question is the same as the original maker of the mortgage. He is bound by its terms. Therefore, the net amount realized

on the sale should be credited on the mortgage, and the defendant should be held for the balance. After allowing such credit, there is due Mrs. Harris, plaintiff, as of this date, the sum of $2,145.00.

If my memory is not at fault during the oral argument of the demurrer it was suggested and agreed by and between the plaintiff and defendant that the pleadings contained a true statement of the facts and presented only a question of law, and that all the issues in the matter should stand or fall upon the demurrer, and that the judgment of the Court should be in accordance with the rulings of the Court on the demurrer, it is, therefore, ordered that the plaintiff, Mrs. M. E. Harris, have judgment against the defendant, Leon L. Rice, for the balance due on said note and mortgage, to wit, the sum of $2,145.00.

However, in order that no injustice may be done, leave is hereby granted defendant to apply at the foot of this decree at any time within 20 days after notice of the filing hereof for an order correcting same as to any statements of facts not admitted, or any error in statement of amount due under the view of the law above expressed. If no such application be made, then this decree stands as written.

*Messrs. Thos. Allen* and *O. H. Doyle,* for appellant, cite: *Plaintiff's election of remedy bars recourse to another remedy:* 122 S. C., 337; 3 Rich. Eq., 281; 107 S. C., 465; 9 R. C. L., 525, 957; Cheves L., 101. *Measure of damage for conversion:* 21 R. C. L., 678. *Merger:* 30 S. C., 499. *Release of equity of redemption completes title in mortgagee:* 3 McC., 302; 87 S. C., 50. *Necessary parties:* Code Proc., 1922, Sec. 362; 109 S. C., 362; 56 S. C., 38; 10 Rich., 484; 67 S. C., 254; 4 S. C. 339; 3 McC., 302.

*Messrs. L. W. Harris* and *K. P. Smith,* for respondent, cite: *Exceptions faulty:* 84 S. C., 368. *Assumption of mortgage indebtedness a purchase:* 118 S. E., 189; 95 S. E., 65. *Party who has assumed mortgage liable for defi-*

*ciency on sale even though he was not a party to suit:* 78
Am. Dec., 78; 27 Am. Rep., 5; Jones, Morts. (3d Ed.),
Secs. 1227, 1228, 759, 1713, 1721, 1710; 19 R. C. L., 375,
382; 3 Pom., Eq., Sec. 2107; 16 S. E., 995.

February 21, 1925.

The opinion of the Court was delivered by Mr. JUSTICE
WATTS.

This is an appeal from a decree of Judge Rice. His de-
cree will be reported.

The appellant by six exceptions alleges error. The ex-
ceptions should be overruled under *South Carolina Insur-
ance Co. v. Kohn,* 108 S. C., 475; 95 S. E., 65. *Allgood
v. Spearman* (S. C.), 118 S. E., 189. *Prudon v. Williams,*
26 N. J. Eq., 210; Jones on Mortgages (3d Ed), §§ 1227,
759, 1713, 1721, 1710. Rice assumed the outstanding
mortgage given to Love for $3,000.00, on January 2, 1920.

The judgment is modified to conform to the majority
opinion.

MESSRS. JUSTICES FRASER and MARION, and MR. ACTING
ASSOCIATE JUSTICE W. C. COTHRAN concur in part.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN
did not participate.

MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN:
I concur in the general conclusion reached by Justice
Watts, but I think the judgment of the Circuit Court
should be modified to the extent of giving Rice credit for
the full amount realized from the sale of the mortgaged
property.

There is no provision in the bankrupt law for the
foreclosure of a mortgage. The holder of a mort-
gage may either prove a secured claim before the
Referee in Bankruptcy, or he may remain entirely out of
that Court and pursue his remedy in the State Court. When
his claim is proven and allowed by the Referee, the trustee
is ordered to sell the mortgaged property free from incum-

brances and the lien of the mortgage is transferred to the fund thereby received.

The costs and expenses allowed to be deducted from the purchase price accrued in the Bankrupt Court, and were not properly chargeable against the fund realized from the sale. *Smith v. Au Gres Township,* 150 F., 257; 80 C. C. A., 145; 9 L. R. A. (N. S.), 876. *In re Anders Tel. Co.* (D. C.), 136 F., 995. *Mills v. Virginia-Carolina Lumber Co.,* 164 F., 168; 90 C. C. A., 154; 21 L. R. A. (N. S.), 901. *In re Harralson,* 179 F., 490; 103 C. C. A., 70; 29 L. R. A. (N. S.), 737.

MESSRS. JUSTICES FRASER and MARION concur.