MERIWETHER and Others *v.* CARR.

*A.* having sold a tract of land to *B.* for a certain price to be afterwards paid, and *B.* having sold the land to *C.* for ready payment, a title-bond was executed by *A.* to *C.* The condition of the bond was, that as soon as *B.* paid the purchase-money to *A.*, the latter should convey the land to *C.* *Held,* that *A.* was not bound to execute the conveyance, until he had received the whole of the purchase-money.

MERIWE-
THER
*v.*
CARR.

ERROR to the *Clark* Circuit Court.

*Monday,
November 28.*

SCOTT, J.—*Meriwether,* in his life-time, sold to *Crist* 500 acres of land. *Crist* sold to *Carr* and received payment in full. *Meriwether* gave his bond to convey to *Carr* so soon as *Crist* should pay him the amount of the price as agreed upon in their contract. *Crist* afterwards paid a part of the price, leaving a part still unpaid. *Carr* filed a bill in chancery against the heirs of *Meriwether,* praying a decree for a conveyance; and the Court below decreed accordingly. The heirs of *Meriwether* have brought their writ of error to reverse that decree.

*Meriwether's* obligation to *Carr* was to convey when payment should be made to him by *Crist.* *Carr* was not entitled to a decree without showing that this had been done, or something equivalent. *Carr* purchased and paid for the land, in faith of *Crist's* punctuality in performing his contract with *Meriwether.* Against *Crist* and *Meriwether* together, *Carr* has in equity a right to a conveyance; and it is unreasonable and unjust that he should be held out of his right by their negligence or misunderstanding; but against *Meriwether* alone, he has no equity until there is a performance of the condition on which the conveyance was to be made. If he chooses to proceed against *Meriwether* alone, he must show that *Crist* has performed that condition, or that he has done it for him (1). If he could not do this, he ought to have made *Crist* a defendant, and to have obtained a decree, that he perform his contract with *Meriwether,* and that on the compliance with that decree on the part of *Crist, Meriwether* should make the conveyance agreeably to his obligation.

*Per Curiam.*—The decree is reversed with costs.

*Farnham* and *Nelson,* for the plaintiffs.

*Dewey* and *Naylor,* for the defendant.

(1) Vide note to *Huntington* v. *Colman,* ante, p. 349.