PASQUALE RENDINE *et ux. vs.* NICOLA CATOIA *et ux.*

JANUARY 29, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action in assumpsit to recover damages for breach of contract. The case is here on plaintiffs' exception to a ruling of the trial justice granting defendants' motion for a nonsuit. In June, 1929, the parties entered into a written contract the relevant parts of which are as follows: "This agreement made and entered into by and between Pasquale Rendine and wife, Maria Rendine, parties of the first part, and Nicola Catoia and wife, Filomena Catoia, parties of the second part.

"Witnesseth: The parties of the first part agree to sell and convey to the parties of the second part that lot of land with improvements thereon, situated in the City of Providence at the southwest corner of Manton Avenue and Pelham Street, consisting of a lot of land of about three thousand sixty (3060) square feet, buildings on said premises being numbered 210-212-214-216 on said Manton Avenue.

"Said premises will be sold subject to a mortgage or mortgages of record to the amount of seventeen thousand ($17,000) Dollars which the said parties of the second part assume upon themselves and agree to pay.

"And for such conveyance, the parties of the second part will convey to the parties of the first part, all that lot of land with improvements thereon, situated in the said Providence at the southeasterly corner of Acorn and Spruce Streets, consisting of about thirty-three hundred ninety-two (3392) square feet, the buildings on said premises being numbered 124 on said Acorn Street and 118 on said Spruce Street.

"Said premises are subject to mortgages of record to the amount of eighteen thousand ($18,000) Dollars which the said parties of the first part assume upon themselves and agree to pay.

"And for a further consideration for conveyance by said Catoia and wife to said Rendine and wife, the said Rendine and wife will pay the sum of thirty-nine hundred ($3900) Dollars in cash."

Pursuant to the above agreement the parties made the conveyances as provided therein and the plaintiffs paid to defendants $3,900. The mortgage indebtedness on the property conveyed to the defendants consisted of a first and second mortgage. The note accompanying the second mortgage is dated June 1, 1927, bears interest at the rate of 8% per annum and is payable in five years from its date.

The defendants did not pay the interest which fell due December 1, 1929, and the holder of the second mortgage

sold the property subject to the first mortgage at public auction for $600 and then brought suit by writ of attachment against the present plaintiffs for the balance of the note. The plaintiffs settled this suit by the payment of such balance and then brought the present action.

The defendants do not dispute their liability under the contract but contend that the plaintiffs, in paying the balance of the note before it became due, were volunteers and therefore can not recover in the present action but only after the note becomes due and defendants fail to pay the same.

In the view we take of the law applicable to this case we need not consider the question of acceleration of a mortgage note by failure to perform the other conditions of the mortgage. The present action is not on the note but for a breach of contract. The agreement of the defendants was to assume the mortgage and to pay the same. By assuming the mortgage they became bound to the plaintiffs by its terms and this involved an obligation not only to pay the same when due but to meet when due all other obligations including the payment of interest contained therein. An action lies for every breach of a contract. The breach having been proved, the only question that remains is the amount of damages to be allowed. If the breach is of some minor condition, the plaintiff will only be allowed such damages as he can show he has suffered by such breach. As there was admittedly a breach of the contract in the present case, it was error to grant the defendants' motion for a nonsuit.

As to the damages, we are of the opinion that plaintiffs are entitled to recover the full amount of the contract. Williston on Contracts, Vol. 3, § 1317. While the note remained unpaid they were liable thereon and therefore had an interest in the property as security for their liability. By assuming the mortgage the defendants were under an obligation to keep this security intact until the note was paid. The defendants defaulted on the first installment of

interest due after their assumption of the mortgage and permitted the property to be sold at forced sale. In so doing they committed a breach which went to the essence of their contract and, in effect, repudiated the same. Under these circumstances it would be unreasonable to require the plaintiffs to continue under the obligation of the note and to become liable for 8% interest thereon until its maturity as a condition to bringing suit for recovery on a contract which the defendants have breached in a manner which clearly indicates a lack of intention to meet their obligation to pay the mortgage which they assumed.

The plaintiffs' exception is sustained and the case is remitted to the Superior Court for a new trial.

*Pettine, Godfrey & Cambio,* for plaintiffs.

*William H. McSoley,* for defendants.