**Edward K. WELLES and Elizabeth Scott Welles, Plaintiffs,**

**v.**

**Ernest J. SAUBER, Director of Internal Revenue, Defendant.**

**No. 53 C 2471.**

United States District Court
N. D. Illinois, E. D.

April 26, 1956.

---

Sidley, Austin, Burgess & Smith, Chicago, Ill., for plaintiffs.

Robert Tieken, U. S. Atty., Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This is an action by taxpayers to recover gift taxes paid by them for the years 1948, 1949, and 1950. Their claim is that the gifts, made under circumstances presently to be described, were of a present interest and so subject to the $3,000 exclusion granted gifts of such interests by Section 1003(b) (3) of the Internal Revenue Code of 1939. The government contends that the gifts were of a future interest, and the exclusion accordingly was not applicable.

Plaintiff has moved for a judgment on the pleadings, and it is therefore necessary to first decide whether the granting of such a judgment is warranted under the circumstances here. The law on the subject is summarized in Cyclopedia of Federal Procedure, Vol. 5, page 209, as follows:

"The general rule is that a motion for judgment on the pleadings can be granted where no material issues of fact are raised, and only issues of law are presented. The question on such a motion by the defendant is whether on the facts stated by the plaintiff he has a redressable claim or cause of action. Where all the facts are admitted, such a judgment may be rendered. It is, indeed, only where no issues of fact which call for trial and where only issues of law are presented, that judgment on the pleadings is proper. More precisely, judgment on the pleadings may be granted only if, admitting the truth of allegations of the adversary to the motion and the untruth of all of the movant's allegations which have been denied by his adversary, no material issue of fact is presented by the pleadings. The judgment, in short, must be sustained by undisputed facts appearing on the pleadings."

The tests there enumerated are met by the pleadings in this action. The complaint alleges that the plaintiffs, husband and wife, transferred, during the years in question, common stock to cer-

tain trusts which they had previously established for the benefit of two of their children who were at that time minors. The form of the trusts is attached to the complaint. The important provisions are: The income shall be distributed to the minor, to his guardian, or to any relative. The trust shall terminate upon the happening of the first of the following three events: (1) the minor's reaching the age of 21; (2) his death, or (3) delivery to the trustee of a written demand by the minor "through his duly appointed legal guardian or conservator". Upon termination, the entire trust estate shall be paid to the minor or her personal representative. These are the only qualifications to the rights of the minors to receive the principal. The trustee is given the usual powers to deal with the property, but no power to invade the corpus. The donors expressly disavow any power to revoke or amend the trusts.

The answer does not deny the creation of the trusts or the transfer of the stock to them. It asserts that such a transfer was not a "gift of common stock", but rather that "such gifts were in each case gifts of the right to receive income from the corpus of a certain trust, and of a contingent right to receive the corpus of that trust at some future date". This is an allegation not of a fact but of a legal conclusion, and may be disregarded. The facts necessary to a determination of the legal question are that a transfer was made to a trust, the terms of which are known. These facts are alleged in the pleadings and not denied. A judgment may therefore "be sustained by undisputed facts appearing on the pleadings". Cyclopedia of Federal Procedure, supra.

Defendant has resisted the granting of a judgment on the pleadings, and at the same time has moved for a summary judgment in its behalf. It may be noted that the latter motion is a tacit admission that a trial is unnecessary. Defendant's contention is that the depositions of the taxpayers show that no guardian had been appointed for the minors, that there was no immediate intention of appointing one, and that the interest given to the minors was accordingly necessarily a future or contingent one, since a demand by a guardian was necessary to their receiving the principal. A consideration of these factual matters is not necessary to a decision of the case. As the Supreme Court said in Fondren v. Commissioner, 1944, 324 U.S. 18, 28, 65 S.Ct. 499, 504, 89 L.Ed. 668, "So far as the argument turns on the motive of the donors, it may be answered that the statute and the regulation make no such test".

In any event, the same question is raised by the pleadings alone. The complaint does not allege that a guardian had been appointed, or that there was any immediate intention of appointing one. That this is not a fatal omission is thus not a necessary part of the plaintiff's case. The question presented is solely one of law: Does a trust provision giving a minor the right to claim the corpus of a trust on the demand of his legal guardian, where no such guardian has been appointed, create in the minor a "present" or a "future" right to the corpus, as those terms are used in Section 1003(b) (3) of the Internal Revenue Code of 1939.

This question has been solved, and any re-examination of it foreclosed, in the Seventh Circuit, by Kieckhefer v. Commissioner, 1951, 189 F.2d 118, 120. The relevant facts there were identical with those in the case at bar. The trust provided for payment to the beneficiary when he became 21, or "at any time whenever said [minor] or the legally appointed guardian for his estate shall make due demand therefor by instrument in writing filed with the then trustee". No guardian had been appointed. The Court held that in these circumstances a transfer to the trust was a gift of a present rather than a future interest, and subject to the $3,000 exclusion. The opinion reasons that "It is not, however, the use, possession or enjoyment by the beneficiary which marks the dividing line between a present and a future interest, but it is the right conferred upon the

beneficiary to such use, possession or enjoyment." 189 F.2d at page 120. The opinion further distinguishes and discusses in detail Fondren v. Commissioner, supra, and Commissioner v. Disston, 1944, 325 U.S. 442, 65 S.Ct. 1328, 89 L. Ed. 1720, relied on by the government there as here. As the Court quite correctly points out the trusts in those cases imposed conditions of a quite different nature, which effectively postponed or qualified the right of the beneficiaries to the enjoyment of the principal.

Since the question presented is solely one of law, and for the reasons set forth in the Kieckhefer case, plaintiffs' motion for a judgment on the pleadings in their favor will be granted.