LEWIS ET AL. *v.* ROMINE ET AL.

[No. 18,868. Filed June 13, 1958.]

566

*Edward J. Morrison* (deceased), of Columbus, and *Wesley T. Wilson,* of Indianapolis, for appellants.

*William A. Conner,* of Columbus, for appellees.

KELLEY, J.—Appellee, Rose E. Romine, was formerly the wife of one John Boone. Appellant, Maude E. Lewis, was formerly known as Maude E. Query, and she was then the owner of the real estate here involved.

On September 2, 1942, said appellee, Rose, and her then husband, John Boone, entered into a written contract with the said Maude E. Query, whereby the latter agreed to sell to the former certain described real estate in Bartholomew County, Indiana, at and for a consideration of $1,800.00, payable in monthly installments of $18.00 each, beginning October 2, 1942, with interest, computed semi-annually, at six per cent per annum on the unpaid principal sum of the purchase price. Said purchasers agreed to pay the taxes and keep the improvements on the premises insured by some reliable company in the amount of $1,000.00 for the benefit of the seller. The latter agreed to convey the title to said real estate to said Rose and John Boone upon their payment in full of the purchase price.

Said Rose Boone and John Boone, as husband and wife, took possession of said real estate under said contract and made the payments thereon until on or about March 4, 1944. On the latter mentioned date said Rose Boone and John Boone were divorced but no adjudication or agreement as to their property rights was made or entered into. Said Rose Boone remained in possession of said real estate after said divorce. She married the appellee, Harry C. Romine, on March 22, 1944, and thereafter they continued in possession of the real estate.

On October 27, 1953, the appellants instituted ac-

tion, by complaint and process, against the appellees alleging that they are the owners as tenants by the entireties of the real estate, that appellees hold possession of the real estate without right and have unlawfully kept appellants out of the possession thereof to the latter's damage in the sum of fifty dollars. Appellees filed answer to the complaint and filed a counter-claim, alleging the written contract above referred to, that Rose Romine paid the purchase price in full and made valuable improvements on the real estate, that upon her divorce from John Boone, she "assumed" the contract and made full payment of the installments due thereon, that she demanded of appellant, Maude E. Lewis, the execution of a deed conveying said real estate to her but appellants refused so to do, and praying for specific performance of the contract and that her title thereto be quieted. In addition to an answer under the rules, appellants answered the counter-claim by a paragraph alleging an agreement with Rose and John Boone whereby the contract was rescinded and abandoned; and by a further answer alleging that by mutual consent the contract was abandoned and rescinded and appellee, Rose E. Romine, became a tenant of appellants on a monthly rental basis, that she failed to pay the rent and appellants served her with a notice to vacate. John Boone, the former husband of appellee, Rose E. Romine, was not made a party to the action and no process, actual or constructive, was issued for him.

Said issues were presented to the court for trial, without a jury. The court found against the appellants on their complaint and for the appellees on their counter-claim; that appellants have no interest in the real estate; that appellants' claim thereto is without right and unfounded; that appellees are entitled to have their title to the real estate quieted; appellants have

refused to convey the real estate to Rose E. Romine and that a commissioner should be appointed to convey the real estate to "Rose E. Romine." Consistent judgment followed, adjudicating that "Rose E. Romine" is the "owner in fee simple" of the real estate and that her title thereto be quieted and set at rest against appellants. A commissioner to convey title to Rose E. Romine was appointed, submitted his deed to the court and the same was examined and approved and ordered delivered to appellee, Rose E. Romine. Appellants' motion for a new trial, on the grounds that the decision of the court was not sustained by sufficient evidence and was contrary to law, was overruled.

Appellees' counter-claim pleaded the involved written contract for the sale and purchase of the real estate, alleged performance thereof, and prayed that it be specifically performed. The contract provided for the delivery of a warranty deed by Maude E. Query, she being now the appellant Maude E. Lewis, to "John Boone and Rose E. Boone," the latter being now the appellee, Rose E. Romine, upon the payments being made as therein provided. By her counter-claim, said appellee undertook the burden of establishing by the evidence that she had performed the conditions of the contract on her part to be performed so as to warrant the court in decreeing specific performance thereof. *Meriwether and Others* v. *Carr* (1825), 1 Blackf. 413, 414. Under the contract here involved, the conditions necessary to be established as performed by appellee were the payment of the purchase price of $1,800.00, with interest theron at six (6%) per cent per annum, computed semi-annually, the payment of the last installment of taxes for the year 1941, payable in 1942, and the taxes for the year 1942, and the maintenance of insurance on the improvements on the premises in the amount of $1,000.00 for

the benefit of the seller, said appellant, Maude E. Lewis.

Appellants assert that the evidence fails to establish the performance by appellees of the said obligations of the contract. The documentary evidence, consisting of receipts executed by appellants, together with evidence of nineteen payments made by John Boone, reflects payments of $1,854.00. And the appellee, Rose E. Romine, testified that she had made all the payments required under the contract. As the evidence is in dispute, we must accept the court's finding that the purchase price, as provided for in the contract, was paid. However, the appellees testified that they had not paid "the taxes and insurance" on the property.

As excusing her failure to pay said taxes and the insurance, Rose said that she "didn't have any contract to go by and to my knowledge, I understood that the insurance and taxes were to come out of the payment of $18.00 a month. I didn't have no contract to see." She then proceeded to say that the appellants had a copy of the contract but they would not let her see it. Now, the appellants by such action could not defeat the right of said appellee to a specific performance of the contract. 81 C. J. S., Specific Performance, Sec. 96, page 616, notes 58 and 59. However, such lack of cooperation by appellants with the appellee, would not relieve the latter of the performance of the contract as concerns the matter just referred to, in the absence of a waiver thereof, by the appellants. The parties do not suggest that there was such a waiver by appellants. Under such circumstances it would seem proper for the court to have determined the equities and rights of the parties within the terms and conditions of the contract and enter a conditional or alternative decree according to the facts

found. See 81 C. J. S., Specific Performance, Sec. 158c, page 758, 49 Am. Jur., Specific Performance, Sec. 177, page 201.

Under their specification that the decision was contrary to law, appellants insist that appellee, Rose E. Romine, was not the real party in interest. This contention, as we understand appellants' presentation thereof, rests upon the advanced theory that one tenant-in-common cannot sue to recover the interest of his cotenant, and that it appears that appellee, Rose E. Romine, seeks to quiet title in herself to the exclusion of her cotenant, John Boone, her former husband. The right of Rose to maintain the counter-claim in her own name, without the joinder of the said John Boone, was in no way raised or presented by appellants. If appellants conceived that the counter-claim showed a defect of parties on its face by reason of the non-joinder of said John Boone, advantage thereof should have been taken by demurrer for such cause. Appellants' failure to demur, or plea in abatement, was a waiver of the objection.

Appellants further contend that the cancellation of the contract was established and, therefore, they were denied relief to which, under the evidence, they were entitled. Appellants had the burden on this issue and the court found against them thereon. The evidence on all the issues of cancellation, rescission, and abandonment, raised by appellants' answer to the counter-claim, was in dispute and there was no undisputed evidence thereon. We, therefore, must abide the finding of the court upon such issues.

The last contention relied upon by the appellants is that the appellee, Rose Romine, "could in no case require conveyance of the entire fee to the exclusion of John Boone." In reality, appellants contend that by finding the title in appellee, Rose, and in quieting the

same in her, the rights and interests of John Boone were left undetermined and appellants remain liable to the said John Boone on the contract.

At the time of the divorce of Rose Boone, now appellee Rose E. Romine, and her then husband, John Boone, they were the equitable owners of the real estate under the contract for the purchase thereof. Although said contract was executed and entered into prior to the passage of Section 1, ch. 234, Acts 1943, it seems that under the wording of said statute, prior to the amendment thereof by §1, ch. 30, Acts 1945, being §56-901, Burns' 1951 Replacement, said contract came within the provisions thereof. By Section 2 of said ch. 234, Acts 1943, being §56-902, Burns' 1951 Replacement, which was in force and effect at the time of the divorce of Rose and her then husband, John Boone, on March 4, 1944, it was provided that in the event of the divorce of the husband and wife while the contract was in force and effect "they shall own said interest in said contract and the equity thereby created in equal shares."

It has long been held in this state that a husband and wife owning real estate as tenants by the entireties, upon their divorce, shall thereafter hold and own the same as tenants in common. It therefore seems logical to hold that, in the absence of any determination of the property rights of the husband and wife by the court decreeing their divorce, a husband and wife purchasing real estate under a written contract, upon their divorce, become the owners of their interest in the contract and the equity thereby created as tenants in common in equal shares. Such holding seems consonant with the legislative intent notwithstanding the absence of express wording to that effect in said Section 2 of the Act referred to.

It is the holding by our courts that unless there has

been an actual severance of ownership, tenants in common must join in an action relating to the common property. *Louisville, New Albany and Chicago Railway Company* v. *Hart et al.* (1889), 119 Ind. 273, 283, 21 N. E. 753. However, the rule just stated is not of controlling influence under the circumstances of the case at hand.

Appellants instituted this action in ejectment against the appellees upon the alleged ground that appellants were the owners of the real estate and that appellees unlawfully withheld the possession thereof to appellants' damage. At that time appellee, Rose Romine, was in possession, claiming under the written contract of purchase executed by herself and her former husband, John Boone. When she was brought into court to answer as to appellants' claim of title and right to possession, which constituted a challenge to the rights of herself and John Boone as tenants in common under the contract, she possessed the right, as one tenant in common, to have the contract enforced and performed and to protect the whole estate against the asserted claim. She was entitled to the possession of the common property as against all the world save her cotenant. *Bowen* v. *Preston et ux.* (1874), 48 Ind. 367, 377; 86 C. J. S., Tenancy in Common, Sec. 25, note 93, page 384.

The evidence established that with the exception of the payments made by John Boone from the date of the contract, September 2, 1942 to the time of the divorce, March 4, 1944, the appellee, Rose Romine, personally made all the payments and to some extent improved the property. It may be fairly inferred from the evidence that said cotenant, John Boone, did not live in the property after the divorce, made no payments on the contract, and manifested no interest in the land, the premises, or the contract.

Under such circumstances it is uniformly held that one tenant in common may, without joining such co-tenant, maintain an action against a third person. 62 C. J., Tenancy in Common, Sec. 250 a(1), pages 564, 565, note 55; 86 C. J. S., Tenancy in Common, Sec. 142 a(1), pages 545, 546, note 3.

In an action for specific performance the decree must be confined to the adjudication of the rights of the parties to the suit and it may not adjudicate in respect of a person's right or interest in the real property so as to bind such person where he has not been made a party. 81 C. J. S., Specific Performance, Sec. 160, page 761, notes 36 and 37. So, in this case, while the rights of appellee, Rose Romine, and her former husband, John Boone, as between themselves, could not be adjudicated by the court, it was necessary for the court to determine upon and decree the enforcement of the contract, insofar as practicable under the circumstances, as between the vendor, the appellant, Maude E. Lewis, and her husband, and the appellee, Rose E. Romine, in her own behalf and in behalf of her cotenant, the said John Boone. 81 C. J. S., Specific Performance, Sec. 158a, pages 756 and 757; 86 C. J. S., Tenancy in Common, Sec. 143, pages 549 and 550, note 83. Any rights and interests of John Boone in the real estate other than was apparent from the contract itself, quite properly were not ruled upon by the court, as the determination thereof, as between Rose and Boone, the cotenants, must be the subject of proceedings between them.

The appellee, Rose Romine, apparently wants the title to the land as her own, so she advances the twin proposition that she "assumed" the contract upon the divorce and that there was an oral agreement between her and the appellants for the purchase and sale of the real estate.

There is no evidence that said appellee "assumed" the contract other than in the sense that she assumed to make the payments thereon. The fact that she made the payments and made some improvements to the premises may be a matter for determination as between her and her cotenant, John Boone, but would have no effect to change the status of the contract as between her and the appellants.

Appellee, Rose, pleaded the written contract. She testified that her counter-claim was based on that written contract, that the payments she made were made on that contract and that the deed was to be made to her and John Boone according to the conditions of that contract. That she had endeavored to get appellants to make a new contract with her and to take John Boone's name off said contract, but appellants refused so to do. The appellant, Gora B. Lewis, testified the appellees and appellants had a conversation concerning the property shortly after the marriage of appellees Rose and Harry, and that the latter wanted to know if they could "go ahead" with the contract that Rose and John Boone had made, that appellants agreed and "they (appellees) were to pay for the property under the same conditions, *under the same contract.*" Appellees rely on this testimony as establishing an oral agreement for their purchase of the real estate. It is evident that the court did not base its finding on any such oral contract for it found the title in and directed the deed to be made to appellee Rose, alone, and not to her and her present husband, appellee Harry Romine, as would have been required if the asserted oral contract had been proven as a fact. It is also evident that such statement of the witness, Gora Lewis, would not establish such oral contract. The testimony of Rose, to which we above referred, makes it clear that there was no new arrangement and

no acceptance of any new arrangement and no action or payment by anyone under any such new arrangement. Further extension of this subject seems unnecessary. It suffices to say that there is nothing in this record tending to show any oral arrangement or contract between appellants and appellees for the sale and purchase of the real estate.

It is apparent that the specific performance entered by the court was not in conformity with the contract counted upon in the counter-claim of appellee, Rose Romine, and established by the evidence. The purchasers named in that contract and the persons to whom the warranty deed was to be made and delivered by the seller, appellant, Maude E. Lewis, were "John Boone and Rose E. Boone." The decree of specific performance entered by the court ordered the conveyance of title to "Rose E. Romine," alone. Under the contract specifically performed, and the evidence adduced at the trial, such conveyance was required to run to Rose E. Romine, formerly Rose E. Boone, and John Boone, as tenants in common.

It is apparent, also, that appellee, Rose E. Romine, established no such title as to warrant a decree quieting title in herself. Neither the contract nor the evidence afforded such relief. While appellee, Rose E. Romine, as one of the tenants in common, possessed the right, as we have said, in this action to have the contract enforced and to protect the whole estate on behalf of herself and her cotenant, yet, in the absence of a joinder of the other tenant, John Boone, as a party to the action, said appellee would not be entitled to use her position and interest to quiet title in herself as the absolute owner to the exclusion of such cotenant. The court should have found and adjudicated against said appellee on that part of her counter-claim seeking to quiet title in herself. Thus said appellee and her

cotenant will be enabled to adjust their respective rights in an appropriate action, unfettered by any quiet title decree.

This cause is remanded to the trial court with instructions to vacate the judgment appealed from; to find against appellee, Rose E. Romine, on her counterclaim to quiet title; to hear such evidence as may be required and to determine the amount of taxes and cost of insurance, if any, which may be due appellants under the terms of the contract, and to order the appellants to convey title to the real estate, by proper deed, to Rose E. Romine, formerly Rose E. Boone, and John Boone, as tenants in common, subject to a lien in favor of the grantors in the amount of the taxes and cost of insurance found and adjudged to be due them, if any, and, upon the failure or refusal of appellants to make such conveyance, that a commissioner be appointed to make, execute, and deliver such deed to said appellee, Rose E. Romine; and to accordingly modify the findings of the court and enter appropriate decree.

NOTE.—Reported in 151 N. E. 2d 156.