### 17969

Herbert Bolt JONES, Respondent, v. Alma M. BATES, Appellant.

(127 S. E. (2d) 618)

*Messrs. Hinson & Hamer,* of Greenville, *for Appellant,*

*Messrs. W. E. Bowen, G. M. Ashmore* and *Clifford F. Gaddy, Jr.,* of Greenville, *for Respondent,*

*Messrs. Hinson & Hamer,* of Greenville, *for Appellant in Reply,*

October 4, 1962.

TAYLOR, Chief Justice.

This appeal arises out of an action for breach of contract.

On or about November 3, 1956, plaintiff conveyed to defendant by way of deed certain real estate in Greenville County, the consideration being $400.00 and assumption of a note and mortgage on which there was an unpaid balance of $8,059.95, said loan being guaranteed by the Veterans Administration. Thereafter, defendant conveyed the same property to a third party; and, subsequently, that party conveyed the property to Thomas C. Bennett and Eunice Bennett by deed dated February 14, 1958. Shortly thereafter, the Bennetts defaulted on the mortgage which had been made to C. Douglas Wilson & Co. and assigned to John Hancock Mutual Life Insurance Company. John Hancock Mutual Life Insurance Company instituted foreclosure proceedings against the Bennetts and Johnny B. and Nina W. Smith, second mortgagees. Neither plaintiff nor defendant were made parties to this foreclosure proceeding which terminated in a public sale of the property. The John Hancock Mutual Life Insurance Company, with permission from the Veterans Administration, waived any rights to a deficiency judgment on the foreclosure proceeding and at the sale purchased the property in question for $500.00. Since, as previously stated, this loan was guaranteed by the Veterans Administration under the Servicemen's Read-

justment Act of 1944, as amended, the John Hancock Mutual Life Insurance Company, in due course, called on the Veterans Administration for its guaranty on the loan. The Veterans Administration appraised the property and agreed that it owed a differential to John Hancock Mutual Life Insurance Company in the amount of $957.95, which the Veterans Administration paid. The Veterans Administration thereafter demanded payment of plaintiff, and he has been paying installments thereon at the rate of $5.00 per month. In this action he is attempting to collect from defendant the amount that he is required to pay to the Veterans Administration by reason of defendant's breach of the conditions set forth in the deed.

Defendant contends she is not liable in that there was no breach of contract on her part; and if there was such a breach, it was the act of Thomas C. and Eunice Bennett. It is also contended that since the loan was guaranteed by the Veterans Administration, this created an independent indemnity relationship between plaintiff and Veterans Administration and would not apply to her without her express assumption of this agreement; further, that the waiver of a deficiency judgment in the foreclosure proceeding releases her. . .

The deed from plaintiff, Jones, to defendant, Bates, dated November 3, 1956, contained the following:

"As a part of the consideration herein, the grantee agrees to assume and pay, according to its terms, that certain note and mortgage given to C. Douglas Wilson & Co., on which there is a balance due of Eight Thousand Fifty-nine and 95/100 ($8,059.95) Dollars, said mortgage being recorded in the R. M. C. Office for Greenville County in Mortgage Vol. 656, Page 345."

This portion of the deed was an integral part of the contract between plaintiff and defendant by which defendant expressly agreed to assume and pay the not and mortgage according to its terms and accepted the deed

with such assumption as part of the consideration, *South Carolina Insurance Co. v. Kohn et al.*, 108 S. C. 475, 95 S. E. 65.

"The grantor's rights under an agreement of assumption of the mortgage debt by a grantee of the mortgaged premises are independent of those which the assumption agreement confers on the mortgagee. Although there is authority to the contrary, the decisions hold almost unanimously that a grantee of premises, in assuming a mortgage thereon, renders himself liable for the discharge of the mortgage debt not only to mortgagor, but also to the mortgagee. * * *" 37 Am. Jur., Mortgages, Sec. 1008, p. 330; see also *University of Richmond v. Stone et al.*, 148 Va. 686, 139 S. E. 257.

If a party by his contract charges himself with an obligation possible to be performed, he must make it good, unless its performance is rendered impossible by an act of God, the law, or other party, *Pearce-Young-Angel Co., Inc. v. Charles R. Allen, Inc.*, 213 S. C. 578, 50 S. E. (2d) 698.

Plaintiff by selling the property to third party could not divest herself of the obligations assumed under the contract entered into with plaintiff, *Keller v. Parrish et al.*, 196 N. C. 733, 147 S. E. 9; and the same principle applies when her grantee, by subsequent deed, agrees to assume and pay the note and mortgage, *Harris v. Rice*, 131 S. C. 171, 126 S. E. 754. Defendant contracted to pay, according to its terms, the note and mortgage. This she has not done. The amount of actual damages which could be recovered against her would necessarily be limited to the unpaid balance. She did not make a qualified or restricted assumption limiting her liability to plaintiff but rather assumed the mortgage in general terms becoming liable for all that may be actually due, *University of Richmond v. Stone et al.*, 148 Va. 686, 139 S. E. 257. "The rule in this state is well settled that in an action for breach of contract actual damages may be recovered to the extent of such damage as naturally, directly, and proximately results therefrom, * * *." *Steven-*

*son v. B. B. Kirkland Seed Co.,* 176 S. C. 345, 180 S. E. 197.

The plaintiff, however, is only entitled to actual damages sufficient to put him in the same position as he would have been if the contract had been fulfilled. He should be completely exonerated by his grantee from the obligation which the grantee had assumed, *South Carolina Finance Corporation of Anderson v. West Side Finance Co.,* 236 S. C. 109, 113 S. E. (2d) 329; 15 Am. Jur., Damages, Sec. 43. It has been determined that plaintiff's loss was $957.95, with interest, a fact that defendant does not dispute.

Defendant's obligation is not one of indemnity; therefore, the fact that plaintiff has not paid the Veterans Administration the full amount is of no importance. The case of *Linbrook Realty Corporation v. Rogers,* 158 Va. 181, 163 S. E. 346, 84 A. L. R. 1035, expresses the majority view on this point, as follows:

"It is unnecessary in this case to discuss the question of whether or not a party who enters into a contract of indemnity is subject to suit before the debt has been actually paid by the principal, for the reason that a pure question of indemnity is not involved. The evidene shows that the assumption by the defendant of the deed of trust debt was a part of the consideration he agreed to pay. The contract between the parties was not that defendant would pay the debt in case of plaintiff's default but that it would discharge the trust debt at maturity. * * *"

The hearing Judge determined that the total debt at the time of foreclosure, including foreclosure costs and attorney's fee, amounted to $8,207.95, that plaintiff's damages amounted to $957.95, with interest. The amounts not being in dispute, we are of opinion that all exceptions should be dismissed and the Order appealed from affirmed; and it is so ordered.

Affirmed.

Moss, Lewis and Brailsford, JJ., and T. B. Greneker, Acting Associate Justice, concur.