Earl E. CLAISE and Marie Claise, Husband and Wife, Appellants (Defendants Below),

v.

Larry BERNARDI, Appellee (Plaintiff Below).

No. 1–280A38.

Court of Appeals of Indiana, First District.

Dec. 4, 1980.

---

Michael H. Hagedorn, Hagedorn & Tyler, Tell City, for appellants.

J. David Huber, Zoercher, Becker & Huber, Tell City, for appellee.

ROBERTSON, Presiding Judge.

Earl and Marie Claise (Claises), sellers, appeal from an adverse decision in an action for specific performance by Larry Bernardi (Bernardi), buyer, of a contract for the sale of a house. We affirm.

On June 18, 1979, Bernardi brought this action for specific performance and damages against the Claises. The Claises counterclaimed for breach of contract and intentional injury to their credit and reputation. Judgment was entered for Bernardi on the request for specific performance. The

Claises were ordered to convey the property by warranty deed to Bernardi and pay his costs. All other claims between the parties were denied.

The Claises' first issue is whether the trial court erred in granting Bernardi's motion for judgment on the pleadings in regard to count two of their counterclaim.

■ A party moving for judgment on the pleadings admits for purposes of the motion all facts well pleaded, and the untruth of his own allegations which have been denied. All reasonable intendments and inferences are to be taken against the movant. When the pleadings present no material issues of fact, and the facts shown by the pleadings clearly entitle a party to judgment, a motion for judgment on the pleadings is appropriate. *Thompson v. Genis Bldg. Corp.,* (1979) Ind.App., 394 N.E.2d 242; 1 W. Harvey, Indiana Practice § 12.3 at 609 (1970).

Applying this standard, the following alleged facts were before the trial judge in relation to the motion: On August 31, 1974, the Claises entered into an oral contract to sell residential real estate located in Tell City, Indiana, to Bernardi. Bernardi agreed to pay $15,000 for the property. The Claises mortgaged the property for $12,000 to Peoples Building and Loan Association and kept the proceeds of this loan to cover the purchase price. Bernardi agreed to pay the balance of the mortgage in monthly installments of $107.97, due the first of each month. He failed to do so from August 31, 1974, until trial.

The question posed with respect to this count was whether these facts support a cause of action for damage to the Claises' credit and reputation.

■ The Claises recognize that damages for injury to credit and reputation are ordinarily recoverable in tort actions for libel, slander, malicious prosecution, and abuse of process. *See generally* 22 Am.Jur.2d *Damages* § 156. Clearly, the facts before the trial judge did not support any of these actions. The Claises, however, argue that such damages should also be recoverable when one party intentionally induces anoth-

er party to breach a contract. Our review of the Claises' authority for this proposition, and other sources dealing with interference with contract rights, reveals that the Claises have misconstrued the elements of the tort action for interference. An action for intentionally inducing a breach of contract exists when a third party, acting in bad faith, and with knowledge of a contract, induces a party to the contract to breach it. When this occurs, the non–breaching party has an action for interference against the inducing third party. The non–breaching party of course also has an action for breach of contract against the breaching party. *Monarch Indus. Etc. v. Model Coverall Service,* (1978) Ind.App., 381 N.E.2d 1098; *Daly v. Nau,* (1975) 167 Ind.App. 541, 339 N.E.2d 71; *Kiyose v. Trustees of Indiana University,* (1975) 166 Ind.App. 34, 333 N.E.2d 886.

■ We are not cited to, nor do we find authority to support an action for interference by the breaching party against the inducing third party; the situation if the action is predicated on the mortgage between the Claises and Peoples Building and Loan Association, the mortgagee. Nor is there any authority for the non–breaching party to recover against the breaching party for interference; the situation if the action is based on the contract between the Claises and Bernardi. Thus, what damages are recoverable for inducing breach of contract is irrelevant because the facts do not support such an action by the Claises against Bernardi.

■ Instead, the factual situation presented for purposes of the motion for judgment on the pleadings was essentially the assumption of a mortgage by a purchaser. *See generally* 59 C.J.S. *Mortgages* § 403 *et seq..* In such a situation, the mortgagor-seller does have an action for damages against a defaulting purchaser, but recoverable damages do not include damages to credit and reputation. The proper measure of damages is the unpaid balance of the debt. *See e. g. Gustafson v. Koehler,* (1929) 177 Minn. 115, 224 N.W. 699; *Rendine v. Catoia,* (1932) 52 R.I. 140, 158 A. 712; *Jones*

*v. Bates,* (1962) 241 S.C. 189, 127 S.E.2d 618. *See also* G. Osborne, *Mortgages* § 259 at 516 (2 ed. 1970). Therefore, there was no error in granting the motion.

The Claises next argue that the trial court erred in granting specific performance. They base their argument on two grounds: first, asserting that the oral contract was not clear, certain, and definite enough in its material parts to warrant specific performance, and; second, asserting that Bernardi did not sufficiently perform his contractual obligations to warrant specific performance.

■ We agree with the parties' contention that specific performance of a realty contract is only proper when the existence and terms of the contract are admitted; or established by clear, certain, and convincing evidence. *Cutsinger v. Ballard,* (1888) 115 Ind. 93, 17 N.E. 206; *Genda v. Hall,* (1959) 129 Ind.App. 643, 154 N.E.2d 527. Furthermore, a party seeking specific performance of a real estate contract must prove that he has substantially performed his contract obligations or offered to do so. *Gyr v. Hagemann,* (1960) 130 Ind.App. 212, 163 N.E.2d 620; *Lewis v. Romine,* (1958) 128 Ind.App. 564, 151 N.E.2d 156.

■ On appeal, however, we are constrained to remember that the granting of specific performance is within the sound discretion of the trial court. The trial court's decision will only be reversed for an abuse of discretion. This means that the trial court's decision must be "an erroneous conclusion and judgment, one clearly against the logic and effect of the facts before the court or against the reasonable, probable and actual deductions to be drawn therefrom." *Gyr v. Hagemann,* 130 Ind. App. 212, 163 N.E.2d at 624. Additionally, when reviewing a trial court's decision for an abuse of discretion, this court will not reweigh the evidence. *Geberin v. Geberin,* (1977) Ind.App., 360 N.E.2d 41.

With these guidelines in mind, the evidence before the trial judge indicated that the Claises and Bernardi entered into an oral contract for the sale of a home in

August, 1974. The Claises mortgaged the property to Peoples Building and Loan Association for $12,000 and retained this amount in satisfaction of the purchase price, with the understanding that Bernardi was to make the monthly payments due on the mortgage, as well as paying insurance, taxes, and utilities on the property. If Bernardi satisfied these obligations for one year, the property was to be conveyed to him, but in the interim Bernardi was to have possession of the home.

Evidence also indicated that Bernardi performed his obligations and kept the various payments current until November, 1976, at which time he sought to have the property conveyed. The property was not conveyed because Bernardi failed to pay attorney's fees, as required by the lending institution, not by the agreement between the parties. Delinquencies in the various payments only occurred after the failure to convey.

There was conflicting evidence in regard to the contract, primarily concerning the purchase price, with the Claises arguing that the price was $15,000. However, there was also evidence that the additional $3,000 was not discussed between the parties until almost two years later, when Bernardi was considering selling the house to a third party and after marital problems developed between Bernardi and the Claises' niece. The trial judge properly resolved this conflict in his role as trier of fact.

Given this evidence, the trial court's decision was not against the "logic and effect" of the facts before it and there was no abuse of discretion in granting specific performance of the contract.

As their third allegation of error, the Claises argue the trial court erred in denying their request for a jury trial on their counterclaims. We are now only concerned with count one of the counterclaim due to our resolution of the Claises' first issue in this appeal. Count one was a claim for breach of contract, and damages.

This issue was resolved in *Henning v. Rieth–Riley Const. Co.,* (1967) 141 Ind.App.

99, 226 N.E.2d 350. In that case, the plaintiffs sought to foreclose a mechanic's lien and the defendant counterclaimed for damages based on negligence, requesting a jury trial. This court held that a counterclaim to an equitable action did not entitle the defendant to a jury trial, but instead drew the whole matter into equity. Therefore, there was no error in refusing the Claises' request for a jury trial. *See also Reichert v. Krass,* (1895) 13 Ind.App. 348, 40 N.E. 706; *Hiatt v. Yergin,* (1972) 152 Ind.App. 497, 284 N.E.2d 834.

As their last two issues, the Claises argue the trial court erred in excluding relevant and material evidence on two occasions: First, in denying admission of the Claises' loan application to the mortgagee, Peoples Building and Loan Association. The loan application, for $12,000, also specified "price paid $15,000"; second, in denying admission of evidence that the loan association was unwilling to allow Bernardi to assume the mortgage, due to delinquencies in payments on the mortgage, *at the time of trial.*

Relevant evidence is evidence with a logical tendency to prove a material fact. *See e. g. Lake City Council v. Arredondo,* (1977) Ind., 363 N.E.2d 218; *Indiana Nat. Corp. v. Faco, Inc.,* (1980) Ind.App., 400 N.E.2d 202. Evidence is material if it relates to an issue in a lawsuit. *Azimow v. Azimow,* (1967) 141 Ind.App. 529, 230 N.E.2d 450. The question of relevancy is within the sound discretion of the trial judge and his decision will only be reversed for an abuse of discretion. *Ind. Nat. Corp. v. Faco, Inc., supra.*

We see no error in the trial judge's exclusion of the questioned evidence. The loan application was offered to show the purported $15,000 purchase price. However, the $15,000, on the application was to indicate the value of the property to Peoples Building and Loan Association and facilitate the Claises' loan. Additionally, there was no evidence Bernardi ever saw the application. Thus, the application was not relevant because it did not tend to prove the purchase price but rather proved only representations made by the Claises to the third party lender, and as such was a self–serving declaration.

Likewise, there was no error in excluding evidence that Peoples Building and Loan Association was unwilling to convey the property at the time of trial. The Claises offered this evidence to prove Bernardi had not performed his contract obligations. The relevant time period for determining whether Bernardi performed his obligations was one year after the contract date. In fact, he performed his obligations for two years, until November, 1976, when he sought conveyance of the property. Thus, the offered evidence had no bearing on Bernardi's performance in regard to the contract's requirements.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.