**GREGORY AND APPEL, INC.,**
**Appellant (Plaintiff Below),**

v.

**Donald C. DUCK, Jane K. Duck, Thomas S. Duck, Junia F. Duck, Berkley W. Duck, Individually, and d/b/a Colonial Apartments, Appellees (Defendants Below).**

No. 2–282A50.

Court of Appeals of Indiana,
Second District.

Jan. 23, 1984.

William A. Waddick, Willis K. Kunz, Kunz & Kunz, Indianapolis, for appellant.

Steven C. Robinson, Lowe, Gray, Steele & Hoffman, Indianapolis, for appellees.

SULLIVAN, Judge.

This appeal, based upon a contract action, is from a judgment on the pleadings pursuant to an Indiana Trial Rule 12(C) motion filed by defendants. Appellant, Gregory and Appel, assigns as error the following:

1) That the grant of judgment on the pleadings by the trial court was actually a Trial Rule 12(B)(6) dismissal for failure to state a claim upon which relief may be granted, thereby affording to appellant, its absolute right to amend its complaint, or, alternatively,

2) That the grant of judgment on the pleadings by the trial court more properly constituted a summary judgment, and as such, was contrary to law owing to the existence of genuine issues of material fact.

The action before the trial court concerned whether or not a contract existed for the sale of certain property known as the Colonial Apartments in downtown Indianapolis. The property is owned by defendants, Donald Duck and members of his family. Plaintiff, Gregory and Appel, brought an action for declaratory judgment that a contract existed, and for specific performance to cause the Ducks to convey the property. The contractual dispute arose from a letter sent by Donald Duck in his capacity as attorney for the Ducks, to Gregory and Appel in which he set forth the terms of an offer that would be acceptable to the Ducks. The letter in question is characterized by the Ducks as a "solicitation of an offer", an "agreement to agree", and in the letter itself, as an invitation for a "proposal ... for the purchase ... of property...." Gregory and Appel contends that the letter constitutes an offer to sell. It purports to have accepted the offer by submitting to the Ducks a contract for the sale of real estate which, it argues, contains the terms specified in Duck's letter, thereby creating a binding contract.

The contract issues were briefed and argued before the trial court, whereupon the Ducks' motion for judgment on the pleadings pursuant to T.R. 12(C) was granted. This appeal derives from that ruling. At issue, on appeal, is the nature of the motion granted by the trial court, and whether a contract for the sale of real estate existed.

I.

■ Gregory and Appel's first assertion is that the trial court's grant of judgment on the pleadings, pursuant to T.R. 12(C) should have been treated as a T.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. If this is so, Gregory and Appel was entitled, as a matter of right, to file an amended complaint within ten days of the granting of the motion. For support of this contention, Gregory and Appeal relies primarily upon *Anderson v. Anderson* (2nd Dist. 1979) Ind.App., 399 N.E.2d 391. As to procedural matters, the *Anderson* case in-

volved a T.R. 12(C) motion for judgment on the pleadings which was treated as a T.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted. Appellant cites *Anderson, supra*, for the proposition that a 12(C) motion must necessarily constitute either a 12(B)(6) motion to dismiss for failure to state a claim, or a T.R. 56 motion for summary judgment. We find neither of these contentions accurate and believe that the holding of *Anderson, supra*, has been misconstrued by Gregory and Appel.

T.R. 12(H)(2) permits a defense of failure to state a claim to be made by a T.R. 12(C) motion for judgment on the pleadings, and the practice is substantiated in case law. *Anderson v. Anderson, supra; DeHart v. Anderson* (4th Dist.1978) 178 Ind.App. 581, 383 N.E.2d 431; *Mills v. American Playground Device Co.* (2nd Dist.1980) Ind. App., 405 N.E.2d 621. However, we find no support for Gregory and Appel's contention that a 12(C) motion must necessarily be treated as a 12(B)(6) motion where the responsive pleading does not raise, as a defense, failure to state a claim upon which relief may be granted. We agree that where a 12(B)(6) defense is raised by a 12(C) motion for judgment on the pleadings, the court must treat the motion pursuant to 12(B)(6) and accord the non-moving party ten days to amend as a matter of right. We do not agree, however, that a 12(C) motion which does not address the sufficiency of the complaint must, nonetheless, be treated as a 12(B)(6) motion.[1] The Ducks did not challenge the sufficiency of Gregory and Appel's complaint to state a claim upon which relief may be granted. Therefore, Gregory and Appel was not entitled to amend on this basis.[2] The trial court acted properly in refusing to treat the Ducks' motion for judgment on the pleadings as a 12(B)(6) motion. Gregory and Appel's amended complaint was properly refused.

## II.

Gregory and Appel contends that the grant of the 12(C) motion was in fact a summary judgment pursuant to T.R. 56, and was contrary to law.

It is argued that the court could not have granted the motion for judgment in this instance, without looking beyond the pleadings themselves to supporting materials not contained in the pleadings. These "extraneous" materials are Gregory and Appel's own exhibits "A", "B", and "C", i.e. Duck's letter, and two contracts for the purchase of real estate. Gregory and Appel contends that because the court necessarily looked to these documents in making its determination, its judgment was not on the pleadings alone, but was rather a summary judgment pursuant to T.R. 56 which permits the court to consider a variety of extraneous matters such as affidavits, interrogatories and depositions.

A 12(C) motion for judgment on the pleadings may be properly granted where there are no genuine issues of material fact. A party moving for judgment on the pleadings, for the purpose of the motion, admits the truth of the factual allegations contained in the non-moving party's pleading, and asserts that he is entitled to judgment as a matter of law. *Claise v. Bernardi* (1st Dist.1980) Ind.App., 413 N.E.2d 609; *Thompson v. Genis Building Corp.* (3d Dist.1979) Ind.App., 394 N.E.2d 242.

When considering a 12(C) motion directed to the merits, the court is confined solely to the pleadings to make the determination. Because it is seldom possible for a court to make a determination on the pleadings alone, the court often looks beyond

---

1. After the issues have been closed by a defendant's answer which admits all allegations of the complaint, a plaintiff would be entitled to a judgment on the pleadings. In such instance the determination would not resemble either a 12(B)(6) dismissal or a Motion for Summary Judgment.

2. A defendant's care to avoid 12(B)(6) terminology when advancing his 12(C) motion may effectively disguise his true objective to cut off plaintiff's right to amend. However, such intriguing strategy is not before us and we shall not indulge in further consideration of its implications.

the pleadings to extraneous evidence. When this is necessary, T.R. 12(C) provides that the motion is to be treated as one for summary judgment pursuant to T.R. 56.[3] Therefore, if the trial court, in ruling on a motion for judgment on the pleadings, considers matters outside the pleadings, the motion is automatically converted into one for summary judgment and will be reviewed as such by the court on appeal. *Tanasijevich's Estate v. City of Hammond* (3d Dist.1978) 178 Ind.App. 669, 383 N.E.2d 1081; *Union State Bank v. Williams* (1st Dist.1976) 169 Ind.App. 345, 348 N.E.2d 683.

■ Trial Rule 9.2(A) provides that written instruments upon which a pleading is founded must be included in or filed with the pleading. The complaint here clearly and unmistakably alleges that the contract upon which the lawsuit is premised consists of the Duck letter (Exhibit A) which is the offer, Exhibit B which is an acceptance, and Exhibit C which is an amended acceptance. All three of those exhibits were attached to the complaint and were specifically "made a part of the complaint." Record p. 8.

The case before us does not involve matters extraneous to the pleadings. The Motion is not therefore one which, under T.R. 12 must be "treated as one for summary judgment." *See* footnote 3, *supra*. In the context of this issue, the motion is a 12(C) Motion for Judgment on the Pleadings.

When the Court of Appeals reviews a grant or denial of motion for judgment on the pleadings it must determine that no genuine issue of material fact existed and that the trial court properly applied the law. Moreover, for the purpose of the motion, the moving party admits all facts well pleaded, and all reasonable inferences are to be drawn in favor of the non-moving party. *Claise v. Bernardi, supra,* 413 N.E.2d 609; *Indiana Insurance Co. v. Ive-* *tich* (3d Dist.1983) Ind.App., 445 N.E.2d 110; *Hurst v. Board of Commissioners of Pulaski County* (3d Dist.1983) Ind.App., 446 N.E.2d 347.

■ Gregory and Appel contends that it was improper for the court to consider the exhibits because they were unsworn and uncertified. While a party may properly plead alternative or contradictory theories, he may not repudiate by contrary assertions that which he has averred in his pleadings to be true. That is, a party may not generally assume successive positions in the course of the same litigation with respect to the same fact or set of facts which are inconsistent and mutually contradictory. *Royal Ins. Co. Ltd., of Liverpool v. Stewart* (1921) 190 Ind. 444, 129 N.E. 853, 857. We hold that Gregory and Appel is estopped to deny the authenticity of its own documentary exhibits for the purpose of a motion for judgment. In this case, the exhibits were properly considered by the court for the purpose of the Ducks' motion.

Our next inquiry is whether the trial court erred in granting judgment because an issue of material fact remained. Gregory and Appel argues that the existence of a contract for the sale of real estate is a question of material fact. Moreover, because the court must take as true all allegations of the non-moving party for the purpose of the motion, Gregory and Appel contends that its averment as to the existence of a contract must be presumed true; thus judgment in favor of the Ducks was improper.

■ Gregory and Appel correctly states that all well pleaded material allegations of its complaint are to be taken as true for the purpose of the motion. However, where allegations of a pleading are inconsistent with terms of a written contract attached as an exhibit, the terms of

**3.** T.R. 12(C): *Motion for Judgment on the Pleadings.* After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

the contract, fairly construed, must prevail over an averment differing therefrom. *Slack v. Grigsby* (1951) 229 Ind. 335, 97 N.E.2d 145; *Foshee v. Daoust Construction Co.* (7th Cir.1950) 185 F.2d 23. Furthermore, a moving party, for the purpose of the motion, concedes *only* the accuracy of the factual allegations in his adversary's pleadings; he does not admit assertions which constitute conclusions of law. *Kohen v. H.S. Crocker Co.* (5th Cir.1958) 260 F.2d 790; *Hargis Canneries, Inc. v. United States* (D.C.Ark.1945) 60 F.Supp. 729; *Welles v. Sauber* (D.C.Ill.1956) 142 F.Supp. 449. And, where the authenticity of the various documentary exhibits incorporated by reference into the pleadings is not contested, and legal conclusions as to the construction and application of the documents are asserted as "facts", such "facts" must be disregarded as no more than conclusions of law. *Chi-Mil Corp. v. W.T. Grant Co.* (E.D.Wis.1976) 70 F.R.D. 352.

■ A close scrutiny of the record indicates that the only genuine issue in this case concerns the legal sufficiency of the documents, i.e., Duck's letter and the second proposed contract, to constitute a contract. As a general rule, the construction or legal effect of a contract is a question of law to be determined by the court—not a question of fact. *Kokomo Veterans, Inc. v. Schick* (3d Dist.1982) Ind.App., 439 N.E.2d 639; *First Federal Sav. and Loan Ass'n of Gary v. Arena* (4th Dist.1980) Ind.App., 406 N.E.2d 1279. Therefore, where a claim, such as Gregory and Appel's, is founded exclusively upon documentary exhibits, the legal effect of those documents is a question of law to be resolved by the court. Gregory and Appel's assertion that a contract exists as a matter of fact must be disregarded as a conclusion of law.

■ In order for a contract to exist, there must be an offer and an acceptance of the offer which meets the terms of the offer in every respect. *Kokomo Veterans, Inc. v. Schick, supra.* An acceptance which varies the terms of an offer is a rejection and operates as a counter-offer which may be accepted by the original offeror. *Uniroyal, Inc. v. Chambers Gasket and Mfg. Co.* (2d Dist.1978) 177 Ind.App. 508, 380 N.E.2d 571. A binding agreement also requires a meeting of the minds or mutual assent. *Indiana Bell Telephone Co. Inc. v. Mygrant* (3d Dist.1982) Ind. App., 441 N.E.2d 481. Where the expression of two parties purported to be acts of offer and acceptance are materially different in meaning or if the expressions fail to show agreement on essential terms, there is no mutual assent and thus no contract. *Goethals v. DeVos* (3d Dist.1977) 174 Ind. App. 143, 366 N.E.2d 673. Furthermore, a mere request for an offer is not an offer, and an agreement to make an agreement is not enforceable unless all the conditions of the contemplated agreement are specified. *Helvey v. O'Neill* (2d Dist.1972) 153 Ind. App. 635, 288 N.E.2d 553, 560.

With regard to whether a contract exists, the record discloses the following facts:

(1) The Ducks sent a letter to Gregory and Appel which set forth the terms of an offer which the Ducks would find acceptable.

(2) Gregory and Appel, in response to the letter, submitted its first proposed contract, the title and first paragraph of which is as follows:

"CONTRACT FOR PURCHASE OF REAL ESTATE

OFFER TO PURCHASE REAL ESTATE

Gregory and Appel, Inc. (hereinafter referred to as 'Purchaser'), *offers to purchase* from Donald C. Duck, Berkley W. Duck and Thomas Duck d.b.a. Colonial Apartments (hereinafter referred to as 'Vendor'), the following described real estate and other property located in Marion County, Indiana, commonly known as: Colonial Apartment Building, 402 N. Delaware Street ..." (Emphasis supplied)

(3) The Ducks rejected the above proposed contract, whereupon Gregory and Appel made a few minor changes and sub-

mitted its otherwise identical second proposed contract, the title and first paragraph of which is:

"CONTRACT FOR PURCHASE OF REAL ESTATE

OFFER TO PURCHASE REAL ESTATE

Gregory and Appel, Inc. (hereinafter referred to as 'Purchaser') *offers to purchase* from Donald C. Duck and Jane K. Duck, Thomas S. Duck and Junia Duck, and Berkley W. Duck d/b/a Colonial Apartments (hereinafter referred to as 'Vendor'), the following described real estate and other property located in Marion County, Indiana, commonly known as: Colonial Apartment Building, 402 N. Delaware Street ..." (Emphasis supplied)

(4) Gregory and Appel tendered a check for $10,000 to the Ducks as earnest money which was returned after the rejection of Gregory's second proposed contract.

(5) The proposed contracts submitted by Gregory and Appel contain a number of terms which are not identical to those specified in the Ducks' letter.

(6) The proposed contracts submitted by Gregory and Appel contain a number of additional terms not specified in the Ducks' letter.

(7) Neither of the proposed contracts are signed or dated by either party.

Given these facts, Ducks' letter, on its face, appears to constitute a solicitation of an offer. Its phraseology is such that it was clearly not intended to be mistaken for an offer. More significant, however, is the fact that the proposed contract submitted by Gregory and Appel states plainly on its face in bold face print that it is an offer to purchase. Gregory and Appel's characterization of the document as an acceptance is manifestly refuted upon an initial inspection of the first page alone. Furthermore, the document bears no signature and no date, and is therefore unexecuted.

Finally, even if the Ducks' letter were properly characterized as an offer, a metic-

ulous examination of its terms and those contained in Gregory and Appel's second proposed contract reveals a number of divergent and additional terms. An acceptance must meet and correspond with the offer in every respect, point for point. Where the acceptance varies the terms from the offer, it is a rejection and amounts to a counteroffer. *Kokomo Veterans, Inc. v. Schick, supra,* 439 N.E.2d 639; *Uniroyal, Inc. v. Chambers Gasket & Mfg. Co., supra,* 380 N.E.2d 571. Thus Gregory and Appel's proposed contract could not have been an acceptance.

In summation, the true offer in this case was Gregory and Appel's. It was not accepted by the Ducks, and therefore, no contract was formed between the parties. We conclude that upon the Ducks' motion, the trial court properly found that no genuine issue of material fact existed, and correctly applied the law to find no contract.

We affirm that ruling.

BUCHANAN, C.J., and SHIELDS, J., concur.